UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFTON G. GREEN and
TINA GREEN,

     Plaintiffs,

v.                       Case No. 8:26-cv-1613-VMC-LSG

RESTAURANT TECHNOLOGIES, INC.,

     Defendant.
_____/

## ORDER

This cause comes before the Court sua sponte. For the reasons that follow, Count VII of the complaint is severed and remanded to state court for lack of subject matter jurisdiction, but the Court retains jurisdiction over all other counts of the complaint.

## Discussion

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

1

On April 28, 2026, Plaintiffs Clifton and Tina Green initiated this action against Defendant Restaurant Technologies, Inc. ("RTI") in state court. (Doc. # 1-1). Plaintiffs allege that "Mr. Green was a hardworking commercial truck driver employed by RTI from in or about the summer of 2022 until his unlawful termination on April 4, 2025." (Id. at 3). According to Plaintiffs,

> [a]fter Mr. Green sustained serious injuries in a workplace motor vehicle accident on December 1, 2024 — caused entirely by the negligence of a third-party motorist — Mr. Green availed himself of his statutory rights under Florida's workers' compensation laws and the [Family and Medical Leave Act ("FMLA")]. RTI responded not with the support owed to a long-term employee with a documented disability, but with a calculated campaign of pretextual discipline, heightened scrutiny, and ultimately discharge.

(Id.).

Plaintiffs' complaint asserts nine claims against RTI, including: interference under the FMLA (Count I); retaliation under the FMLA (Count II); race discrimination under Title VII of the Civil Rights Act of 1964 (Count III); (4) retaliation under Title VII (Count IV); (5) disability discrimination under the Americans with Disabilities Act ("ADA") (Count V); (6) retaliation under the ADA (Count VI); (7) workers' compensation retaliation under the Florida Workers' Compensation Act ("FWCA") (Count VII); (8) negligent

supervision and retention under Florida common law (Count VIII); and (9) loss of consortium under Florida common law (Count IX). (Id. at 12-19).

RTI removed the case to this Court on May 29, 2026, on the basis of federal question jurisdiction and diversity jurisdiction. (Doc. # 1). In its notice of removal, RTI acknowledged that the "workers' compensation retaliation claim . . . is an exclusively state-law claim" and stated that "to the extent the Court determines that supplemental jurisdiction is not appropriate over the workers' compensation retaliation claim, RTI consents to this Court severing and remanding that single claim to state court." (Id. at 5).

Thereafter, the Court entered a show cause order, directing RTI "to show cause by June 9, 2026, why this case — or at least the retaliation claim — should not be remanded to state court" and "whether the entire case should be remanded or whether the retaliation claim should be severed and remanded alone." (Doc. # 5). As the Court explained, federal law "prohibits the removal of certain types of actions by designating them as non-removable." Avery v. Wawa, Inc., No. 8:18-cv-403-VMC-TGW, 2018 WL 1008443, at *1 (M.D. Fla. Feb. 22, 2018) (citing 28 U.S.C. § 1445). As relevant here,

3

civil actions brought in state court "arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "The Eleventh Circuit has held that retaliation claims brought under Chapter 440.205 of Florida's Workers' Compensation laws fall within the ambit of 28 U.S.C. § 1445(c) and that such removed claims must be remanded for lack of subject matter jurisdiction." Avery, 2018 WL 1008443, at *1; see Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000) (remanding Alabama workers' compensation retaliation claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1445(c)); Alansari v. Tropic Star Seafood, Inc., 388 F. App'x 902, 905 (11th Cir. 2010) ("[B]ecause the district court lacked subject-matter jurisdiction over Alansari's [Florida] state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court.").

In response to the Court's order, "RTI acknowledges that a workers' compensation retaliation claim under Florida Statutes § 440.205 is not removable as an independent cause of action." (Doc. # 8 at 3). RTI argues, however, that the Court should retain jurisdiction over all other claims in the complaint. (Id.). The Court agrees.

4

The Court has subject-matter jurisdiction over Plaintiffs' federal statutory claims (Counts I-VI). See 28 U.S.C. § 1331. Likewise, the Court has subject-matter jurisdiction over Plaintiffs' Florida common-law claims (Counts VIII and IX) because those claims are so related to Plaintiffs' federal statutory claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). However, the Court lacks subject-matter jurisdiction over Plaintiffs' FWCA retaliation claim (Count VII) because that claim is nonremovable pursuant to 28 U.S.C. § 1445(c).

> (1)  If a civil action includes—
>
> > (A)  a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> >
> > (B) a claim not within the original or supplemental jurisdiction of the district court or *a claim that has been made nonremovable by statute,*
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), *the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.* . . .

28 U.S.C. § 1441(c) (emphasis added).

5

Here, because Plaintiffs' FWCA retaliation claim (Count VII) is nonremovable by statute, it must be severed from this action. See Session v. Deloach, No. 3:23-cv-170-MMH-PDB, 2023 WL 2139274, at *1 (M.D. Fla. Feb. 21, 2023) (finding FWCA retaliation claim "must be severed from the remainder of the Amended Complaint and remanded to state court"); Shaw v. Ring Power Corp., 917 F. Supp. 2d 1221, 1223-24 (N.D. Fla. 2013) (discussing Congress's amendment of 28 U.S.C. § 1441(c)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Count VII of the complaint, the FWCA retaliation claim, is severed and remanded to state court for lack of subject-matter jurisdiction. But all other counts of the complaint will remain in this Court and the case remains open as to those claims. The Clerk is directed to remand the FWCA claim accordingly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6